SUMMARY ORDER
Petitioner José Avelino Oliveira seeks review of an April 3, 2008 decision of the BIA, which constitutes a final order of removal, affirming without opinion a September 19, 2006 Order of an Immigration Judge (“IJ”). The IJ (1) upheld the termination of petitioner’s conditional residence status, which was based on his marriage to a United States citizen, because petitioner failed to attend a February 2005 interview with the Department of Homeland Security, and (2) ordered petitioner’s removal. Before our Court, petitioner argues that the IJ (1) erroneously found that the government provided petitioner with proper notice of an interview regarding his application to remove conditions on his lawful residence, and (2) erroneously concluded that petitioner failed to demonstrate good cause for his failure to appear at the interview. We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Where, as here, the BIA summarily affirms an IJ’s decision without issuing an opinion, we review the IJ’s decision. See, e.g., Iouri v. Ashcroft, 487 F.3d 76, 81 (2d Cir.2007). Our scope of review is narrow. We review an IJ’s factual findings under the “substantial evidence” standard, Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 149 (2d Cir.2003), reversing only if a reasonable fact finder would be compelled to reach a contrary conclusion, 8 U.S.C. § 1252(b)(4)(B) (“[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.”). We review an IJ’s legal conclusions de novo, with appropriate deference to the agency’s reasonable interpretation of regulations. See Mizrahi v. Gonzales, 492 F.3d 156, 158 (2d Cir.2007) (explaining judicial review of immigration regulations).
In the instant case, the IJ made the following findings. Petitioner was born in Portugal and was married in Portugal to a United States citizen. He entered the United States on August 26, 1998, as a permanent resident on a conditional basis and lived briefly with his mother-in-law at 544 South Main Street in Naugatuck, Connecticut. Petitioner and his wife moved to his brother’s house at 14 Brennan Street, and his mother-in-law continues to reside at 544 South Main Street. Petitioner and his wife continue to use 544 South Main Street as their mailing address. In April 2002, petitioner and his wife applied to remove the conditions on his permanent residency and stated, in them application, that their address was 544 South Main Street. Sometime in 2004, petitioner and his wife separated. He remained at 14 Brennan Street and she returned to 544 South Main Street. On January 20, 2005, the government sent a notice of an interview to 544 South Main Street. Petitioner *211 failed to appear at the interview and his conditional residency was terminated. Petitioner and his wife both claimed they never received the notice.
Based on these findings, the IJ concluded that (1) the government “properly sent” an interview notice to petitioner, (2) petitioner failed to inform the government of his “correct address on Brennan Street,” and (3) petitioner had not demonstrated “good cause for not showing at the interview.” J.A. 25 (Oral Decision of the IJ, Sept. 18, 2006). Accordingly, the IJ determined that petitioner’s application to remove conditions was properly denied and ordered petitioner’s removal to Portugal.
The record before us compels different conclusions. The January 20, 2005 interview notice — which required petitioner to appear in Hartford, Connecticut on February 11, 2005 — was addressed as follows:
Jose Avelino Pgluoria
Lisa M Pirtela
554 South Main St
Naugatuck Ct 06770
J.A. 162. Petitioner’s family name is “Oli-veira,” not “Pgluoria.” We take judicial notice that his wife’s name is “Lisa M. Pórtela,” not “Lisa M. Pirtela.” This evidence, which the IJ did not address in his September 19, 2006 Order, compels a conclusion that the immigration notice was not “properly sent” to petitioner.[1] See 8 U.S.C. § 1252(b)(4)(B) (standard for review of factual findings).
In addition, it is unclear what the legal definition of “correct address” is, or what significance the IJ attributed to the phrase. Based on our review of the record, petitioner’s “correct address” was 544 South Main Street. This address appears on — among other documents — petitioner’s federal income tax returns for 1998, 1999, 2001, 2003, and 2004. Indeed, petitioner’s 2004 federal income tax return was dated April 13, 2005, suggesting that 544 South Main Street was not only his correct address, but also his current address. At his removal hearing, petitioner testified that he received his green card at that address, and petitioner’s wife testified that they resided at various addresses in Naugatuck but used 544 South Main Street as their permanent mailing address. Accordingly, we cannot agree that, as a matter of law, 544 South Main Street was not petitioner’s “correct address.”
Because compelling evidence contradicts the IJ’s conclusion that the January 20, 2005 notice was “properly sent,” and because we cannot agree as a matter of law that petitioner’s mailing address was not his “correct address,” we cannot uphold the IJ’s conclusion that petitioner did not demonstrate “good cause” for not attending his interview. Accordingly, we GRANT the petition for review, REVERSE the April 3, 2008 decision of the BIA, VACATE the order of removal entered against petitioner, and REMAND the cause for further proceedings consistent with this Order.

. The record also indicates that in June, July, and August 2005, the government sent notices to petitioner at another address altogether— 57 Galpin Street in Naugatuck, Connecticut. The June notice ordered petitioner to appear for fingerprinting. The July notice ordered petitioner to appear for a removal hearing on August 30, 2005. The August notice informed petitioner that the IJ had ordered his removal for failure to appear at the August 30 removal hearing. At least two of these notices — postmarked June 30, 2005 and July 12, 2005— were returned stamped "UNDELIVERABLE AS ADDRESSED/UNABLE TO FORWARD.” J.A. 75, 137.